UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MONIKA SCARBOROUGH, ET AL. | CIVIL ACTION |
| VERSUS | NO: 13-6196 |
| AMMARI OF LOUISIANA, LTD., ET AL. | SECTION: "A" (4) |

### ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss or, Alternatively, for More Definite Statement (Rec. Doc. 15)** filed by defendants Ammari of Louisiana, Ltd., Ammari Holdings, LLC, and Marviana G. Ammari. Plaintiffs Monika Scarborough, Paul Territo, and Dewight Dabney oppose the motion. The motion, noticed for submission on March 12, 2014, is before the Court on the briefs without oral argument.

### I.  Background

Plaintiffs allege that they are non-exempt, hourly-paid servers in Defendants' restaurants and bars. Plaintiffs claim *inter alia* that Defendants took authorized deductions from Plaintiffs' paychecks, and failed to pay them overtime compensation. (Comp. ¶ 29). Plaintiffs also allege that they were forced to pay a fee to Defendants in order to receive their pay, and that Defendants promoted and enforced an illegal tip pool, whereby Defendants and their managers would received a portion of the servers' tips. (*Id.* ¶¶ 30, 32). Plaintiffs claim that Defendants' actions violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and that the violations were willful.

Defendants now move to dismiss the complaint arguing that Plaintiffs have failed to allege their FLSA claims with sufficient factual particularity to conform to the standards outlined in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550

1

U.S. 544 (2007). Alternatively, Defendants ask for a more definite statement.

## II. Discussion

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (*citing Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (*citing Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (*quoting Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (*quoting Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (*quoting Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (*quoting Iqbal*, 129 S. Ct. at 1950).

The Court is not persuaded that the complaint is subject to dismissal (or revision via a more definite statement), particularly based on the non-controlling authorities upon which Defendants rely. The complaint provides "a short and plain statement of the claim" in

accordance with the Federal Rule of Civil Procedure 8(a)(2). The Court agrees that the complaint is sparse in factual detail but Defendants can flesh out the particularities of the allegedly illegal tip pool, unauthorized pay deductions, etc. via their discovery interrogatories.[1]

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss or, Alternatively, for More Definite Statement (Rec. Doc. 15)** filed by defendants Ammari of Louisiana, Ltd., Ammari Holdings, LLC, and Marviana G. Ammari is **DENIED**.

March 21, 2014

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[1] While the complaint need not be dismissed for lack of factual particularity, it likely does fall on the low side of the *Iqbal/Twombly* continuum which has two practical implications. First, because Defendants are going to have to elicit through discovery the factual detail that could have been included in the complaint, they might very well need more interrogatories than the limit imposed under Rule 33, and the Court would grant a motion asking for such relief. Second, any motion to certify a collective action, even preliminarily, based on the complaint alone would be denied.